Filed 6/30/15  Schwan v. Heiser CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DONNA SCHWAN et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>SCOTT A. HEISER, as Cotrustee, etc., et al.,<br><br>        Defendants and Respondents. | A143400<br><br>(Contra Costa County<br>Super. Ct. No. MSP14-00302) |

This appeal arises out of a dispute between various beneficiaries of The Walter C. Permann Separate Property Trust (Trust).  Pursuant to the express terms of the Trust, Donna Schwan, Eileen Ostrosky, and Alexis Johnson (collectively, plaintiffs) are entitled to certain proceeds from the Trust if they are employed by Control Master Products, Inc. (Control Master Products) at the death of Walter C. Permann and his spouse, Verla D. Permann.[1]

Following Walter's death in 2013, plaintiffs filed a petition for a judicial determination that they are remainder beneficiaries of the Trust.  Plaintiffs asserted the court should excuse them from the condition they be employed at Control Master Products at the deaths of Walter and Verla because the assets of the company were sold in 2008, rendering satisfaction of the condition impossible.  Plaintiffs also challenged a provision of the Trust allocating certain funds to Walter C. Youngman, Jr., and his spouse

---

[1] As Walter and Verla share the same surname, we shall refer to them by their first names for the sake of clarity and readability.  We intend no disrespect in doing so.

(collectively, defendants) upon the deaths of Walter and Verla, arguing the allocation is void under Probate Code[2] section 21380, because Youngman, an attorney, drafted and supervised the execution of the Trust.

After plaintiffs moved for summary adjudication of their section 21380 claim, the trial court issued an order finding all of their claims premature because Verla had not yet died. Plaintiffs now argue (1) the court denied them due process by raising and addressing the ripeness issue sua sponte, and (2) their claims are ripe for adjudication. We agree plaintiffs' claims are ripe and therefore need not and do not address their due process argument.

## I. BACKGROUND[3]

Walter was the president, director, and sole shareholder of Control Master Products, a distributor of specialty wire and industrial cables incorporated in 1964. In 2008, Walter sold the assets of Control Master Products to Industrial Electrical Wire and Cable, Inc. (IEWC). Walter than amended the articles of incorporation of the company, changing its name to Custom Model Products, Inc. (Custom Model Products). Thereafter, Walter operated Custom Model Products as a hobby model train business until his death in 2013.

Plaintiffs are former employees of Control Master Products. Schwan was hired by the company in 1978 and eventually became general manager. She worked at Control Master Products until its sale, and since then has worked for IEWC. Ostrosky worked with Walter even before Control Master Products incorporated, and was employed as a supervisor at the company from 1964 through 2007, when she retired due to health problems. Between 2007 and 2013, Ostrosky occasionally performed various jobs at the request of Walter, though it is unclear if she was directly employed by Control Master

---

[2] All further statutory references are to the Probate Code unless otherwise indicated.

[3] The facts set forth in this section are taken from the allegations in plaintiffs' pleadings and the terms of the Trust. We take no position as to whether plaintiffs have proven these allegations.

Products after her retirement. Johnson was a secretary for Control Master Products from 1997 through 2008. Following Control Master Products' sale, she was employed by IEWC.

In 1999, Walter executed the Trust, which was drafted by Youngman, an attorney who had previously represented Walter in various other legal matters. Walter was appointed trustee, and his wife Verla, along with Youngman and Scott Heiser, were nominated as successor cotrustees. Pursuant to the Trust, while Walter was living, the trustee was to pay to him the entire net income of the trust estate, in addition to as much of the principal as he requested.

The Trust also states that upon Walter's death, the entire income of the Trust is to be paid for the benefit of Verla during her lifetime. Upon Verla's death, the Trust may be distributed among 12 beneficiaries. Schwan, Ostrosky, and Johnson are entitled to 20, 10, and 5 percent, respectively, so long as each "is employed by Control Master Products, Inc. at the death of [Walter] and [Verla] and if not, th[e] gift shall lapse and augment the share of the remaining beneficiaries." Ten percent is to be distributed to Youngman if he survives Walter and Verla, and if not, to Youngman's spouse. If Youngman's spouse does not survive, the proceeds shall go to their issue by right of representation, and if there are none, the gift will lapse and augment the share of the remaining beneficiaries. The trustee also has the discretion to pay to any beneficiary so much of the principal up to and including the whole of the trust, if the trustee determines the payments from the trust "shall be insufficient . . . to provide for the reasonable support, care, and education of such beneficiary."

Following Walter's death in 2013, Youngman and Heiser advised plaintiffs that they were not entitled to a share of the Trust estate because they were no longer employed by Control Master Products. Plaintiffs then filed this action pursuant to section 17200, petitioning for orders (1) determining their status as remainder beneficiaries of the Trust, and (2) voiding the transfer of any of the Trust estate to Youngman and his family. As to the first point, plaintiffs asserted the employment requirement should be struck under the legal doctrines of impossibility, substantial

3

performance, betterment, and waiver. With respect to the second point, plaintiffs alleged that under section 21380, the transfers to Youngman were presumptively a product of fraud or undue influence since Youngman drafted and supervised the execution of the Trust. Though another attorney also conducted a review of the Trust, plaintiffs maintain the review process failed to meet the validation requirements of section 21384.

In June 2014, plaintiffs filed a motion for summary adjudication as to their claim regarding the disqualification of Youngman. At the conclusion of oral argument on the motion, the court indicated it was issuing an order finding plaintiffs' petition premature and not ripe for adjudication. The court's written order explained: "[T]he plain language of the trust dictates that the death of both the trustor and his spouse must have occurred [for plaintiffs to take]. Here, because Verla is still alive, any discussion of whether the doctrines of impossibility, substantial performance, and betterment waive or excuse the condition precedent is premature because any of the petitioners may predecease Verla. [¶] Similarly, the Youngmans must survive [Walter and Verla] in order to take under the trust." The court stated plaintiffs could refile their claim in the future, after Verla's death, and the court exercised its equitable authority to deem plaintiffs' challenge exempt from the applicable statute of limitations.[4]

## II. DISCUSSION

### A. *Jurisdiction*

Defendants argue we lack jurisdiction to hear this appeal because (1) the order finding the petition premature is not appealable, and (2) plaintiffs do not constitute an aggrieved party and therefore lack standing to appeal. We are not persuaded.

As to the first argument, section 1304 identifies a variety of appealable orders, including the grant or denial of any "final order" issued pursuant to section 17200. (§ 1304, subd. (a).) Defendants assert the trial court's order was not final, and thus not

---

[4] At the hearing, the court also indicated plaintiffs' motion for summary adjudication was denied because there were triable issues of fact. The court asked defendants' attorney to prepare an order regarding the disposition of the motion, though it appears the parties have yet to agree on the content of that order.

4

appealable, because it did not grant or refuse to grant an order under section 17200, but merely determined plaintiffs' petition was premature and not ripe for determination. The contention is unavailing. A case is not justiciable in the absence of a ripe controversy. (*Wilson & Wilson v. City Council of Redwood City* (2011) 191 Cal.App.4th 1559, 1585.) Where a plaintiff's claims are not ripe, the appropriate remedy is for a trial court to dismiss the action. (*Ibid.*) Here, the court's order concerning the ripeness of the action essentially terminated the proceedings. Although the court did not expressly deny plaintiffs' requested order, there is no ambiguity about its intent—the court clearly indicated the parties' dispute would need to be resolved in another action, stating plaintiffs could refile their claims upon Verla's death. At the conclusion of the hearing, the court also indicated its order disposed of the matter in its entirety, stating, "writs [and] appeals may follow, but I don't think I've got anything else in front of me."

Second, we find unavailing defendants' contention that we should not address the trial court's ripeness determination because plaintiffs lack standing to challenge it. Only an aggrieved party may appeal. (Code Civ. Proc., § 902.) "An aggrieved person, for this purpose, is one whose rights or interests are injuriously affected by the decision in an immediate and substantial way, and not as a nominal or remote consequence of the decision." (*In re K.C.* (2011) 52 Cal.4th 231, 236.) According to defendants, plaintiffs' interest in the Trust is not immediate and they were not injuriously affected by the trial court's order because their claims are not ripe. As the merits of plaintiffs' appeal turns on the ripeness of their claims, we find defendants' argument circular. The concepts of standing and ripeness are intertwined and both are issues of justiciability. (*City of Santa Monica v. Stewart* (2005) 126 Cal.App.4th 43, 59.) In this case, we cannot resolve defendants' standing argument without addressing the merits of the appeal.

**B. *Ripeness***

"[R]ipeness is a matter of law subject to de novo review."[5] (*Environmental Defense Project of Sierra County v. County of Sierra* (2008) 158 Cal.App.4th 877, 885.) In this case, the trial court concluded plaintiffs' claims were premature because their interests in the trust were "indefinite." The court reasoned plaintiffs sought to challenge their designation as contingent remainder beneficiaries when one of the conditions precedent had not yet occurred. But if plaintiffs are correct that the condition precedent in the Trust must be waived, plaintiffs' right to take is not dependent on satisfaction of that condition and there is no need to wait to adjudicate their claims. As the ripeness of plaintiffs' petition is entirely dependent on the merits of their claim, we find they have presented a judiciable controversy.

"The ripeness requirement . . . prevents courts from issuing purely advisory opinions. [Citation.] It is rooted in the fundamental concept that the proper role of the judiciary does not extend to the resolution of abstract differences of legal opinion. . . . [and] is primarily bottomed on the recognition that judicial decisionmaking is best conducted in the context of an actual set of facts so that the issues will be framed with sufficient definiteness to enable the court to make a decree finally disposing of the controversy." (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 170.) The ripeness doctrine, however, should not prevent courts from adjudicating matters where (1) the dispute is concrete and appropriate for immediate resolution, and (2) delayed resolution would present a hardship to the parties. (*Id.* at pp. 170–173.)

First, we focus on the ripeness of plaintiffs' claim that they should be excused from the employment conditions set forth in the Trust. The definiteness of this claim turns, in large part, on the nature of plaintiffs' interest in the Trust. As drafted, the Trust grants each beneficiary a contingent remainder, i.e., a future interest, subject to a condition precedent, arising in a beneficiary, who is intended to take after the natural

---

[5] Defendants argue de novo review is inappropriate, but do not cite any supporting authority. Nor do they suggest an alternative standard of review.

termination of the preceding estate, which will occur upon the death of Verla. (See Black's Law Dict. (5th ed. 1979) p. 1162, col. 1.) The interest of most of the beneficiaries is subject to the condition precedent that they, their spouse, or their issue survive Walter and Verla. Plaintiffs' interests in the Trust are unique as they are subject to the condition precedent that plaintiffs be employed by Control Master Products at the deaths of Walter and Verla.

The crux of plaintiffs' petition is performance of this condition precedent should be excused or waived under the doctrines of impossibility, substantial performance, and betterment. Plaintiffs reason the sale of Control Master Products renders performance of the condition impossible. According to plaintiffs, once performance of the condition is excused, there is no requirement they survive Walter and Verla in order to take under the Trust. While their possessory interest may not vest until Verla's death, plaintiffs assert their right to take at that time is not subject to a survival requirement.[6]

The trial court expressly declined to address whether the condition precedent set forth in the Trust should be waived or excused, stating plaintiffs' claims were premature because Verla is still alive and there is a possibility plaintiffs may predecease her. Implicit in the trial court's reasoning is that, in the event plaintiffs predecease Verla, they will no longer have any claim to the Trust. Thus, the court rejected plaintiffs' claim that the Trust does not impose a survivorship requirement, while expressly declining to reach the merits of that claim.[7] This was error. Contrary to the court's suggestion, plaintiffs'

---

[6] Defendants contend the Trust imposes on plaintiffs two conditions precedent: (1) they must be employed by Control Master Products at Walter's and Verla's deaths, and (2) they must survive Walter and Verla. According to defendants, even if plaintiffs are excused from performing the employment condition, the survivorship condition still applies. This argument goes to the merits of plaintiffs' claims, which as defendants concede, are not properly before us.

[7] Defendants argue the trial court already determined the Trust imposed a survivorship requirement on plaintiffs based on unambiguous terms of the Trust, pointing to the court's statement that "the plain language of the trust dictates that the death of both the trustor and his spouse must have occurred." But the court was merely explaining that plaintiffs' possessory interests do not vest until after the deaths of Walter and Verla.

claims would not be mooted if they predeceased Verla. In such an event, a later action by plaintiffs' estates would present the same issues plaintiffs raise now, including whether the Trust imposes a survivorship requirement on plaintiffs and whether the employment conditions set forth in the Trust should be waived. In short, delaying the action will not resolve the issues presented.

Defendants argue resolution of plaintiffs' claims should be delayed because there may be nothing left in the Trust upon Verla's death. But Verla is entitled to only the net income from the Trust, and there is no indication the Trust's administrative costs will exceed its income. At oral argument, defendants asserted, for the first time, that Verla is also entitled to take the entire principal of the Trust during her lifetime. They cited to the provision of the Trust granting the trustee discretion to pay to "any beneficiary" any portion of the Trust's principal where payments from the trust, together with other income or resources of the beneficiary, are "insufficient in the discretion of the Trustee to provide for the reasonable support, care and education of such beneficiary." Setting aside that we need not consider arguments not raised in the briefs, we are unconvinced. As the trial court dismissed this action sua sponte, there is no evidence in the record concerning the value of the Trust or whether the Trust's income is adequate to meet Verla's needs.[8] To the extent the Trust's principal is significant, it is also seems unlikely the trustee would need or want to deplete the entire principal of the Trust in order to supplement Verla's income. Thus, at this point, it is entirely speculative whether Verla will outlive the Trust's principal.

Moreover, delayed resolution of the petition may pose a substantial hardship on plaintiffs. In time, witnesses may pass away and evidence may disappear, making it more difficult to conduct discovery concerning Walter's intent in drafting the Trust. Defendants contend the trial court need not consider extrinsic evidence because the plain

Nowhere in the court's order does it conclude the trust requires plaintiffs to survive Walter and Verla in order to take.

[8] In answering defendants' newly raised contention at oral argument, appellant represented that the Trust's principal is approximately $20 million.

language of the Trust is clear and unambiguous. At the same time, defendants argue any proposed construction of the bequest to plaintiffs is not properly before us because the trial court did not construe those provisions below. We agree with the latter point, and we decline to opine on whether the introduction of extrinsic evidence is necessary or proper. Defendants also contend delay would not prejudice plaintiffs because the parties have already taken several depositions and exchanged documents, and plaintiffs filed a motion for summary adjudication on one of their claims. However, it remains unclear whether the period for discovery has expired or whether plaintiffs have had a fair opportunity to collect the evidence they require for each and every one of their claims.

Our discussion thus far has focused on plaintiffs' claim that they are entitled to take under the Trust. Plaintiffs' section 21380 claim concerning Youngman's right to take is less concrete since the gift to Youngman is expressly conditioned upon him, his wife, or his issue surviving Walter and Verla, and there is a possibility Verla will outlive them all. But this dispute is not so abstract as to warrant dismissal. To the extent the Youngmans do have children or grandchildren, it seems likely they would survive Verla. Also, indefinitely delaying the adjudication of the section 21380 claim may prejudice plaintiffs, as evidence concerning Youngman's role in drafting the Trust, as well as evidence concerning the purportedly independent review of Youngman's work, may disappear with time. Moreover, judicial economy counsels against continuing the proceedings on the section 21380 claim while allowing plaintiffs' other claims to proceed.

In sum, we conclude the court erred in dismissing plaintiffs' claims as premature. However, we do not hold the doctrines of impossibility, substantial performance, or betterment apply in this case. Nor do we hold plaintiffs should be excused from the condition concerning their employment at Control Master Products, or even that the Trust does not impose a survivorship requirement on plaintiffs. These are all issues for the trial court to decide.

### III.  DISPOSITION

The order of the trial court concerning ripeness is reversed.

_____
Margulies, Acting P.J.

We concur:


_____
Dondero, J.


_____
Banke, J.